**SO ORDERED.**

**SIGNED this 31 day of March, 2008.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

**IN RE:**

**TONYA R. SMITH,**

    **DEBTOR.**                       **CASE NO. 08-00452-8-JRL**
                                                                   **CHAPTER 13**

_____

## ORDER

This case is before the court on a motion for relief from the automatic stay filed by Hadyn Jane, LLC. On March 13, 2008, the court conducted a hearing on this matter in Wilson, North Carolina.

On June 1, 2006, Tonya R. Smith ("debtor") entered into a "Contract for Deed/Agreement for Residential Property" with Hadyn Jane. Under the instrument, the debtor agreed to purchase certain real property located at 107 E. Capitola Avenue, Kinston, North Carolina from Hadyn Jane for a purchase price of $42,000.00. Hadyn Jane was to hold title of the real property until the debtor paid the purchase price in full in a timely manner. The debtor ceased making contract payments in May 2007. Seizing upon language in the contract permitting Hadyn Jane to terminate the contract and evict the debtor upon default, Hadyn Jane filed an action of summary ejectment in Lenoir County Magistrate's Court on September 11, 2007. On September 19, 2007, the Lenoir County

Magistrate's Court ruled that Hadyn Jane was entitled to an order of ejectment and $2,055.03 in arrears based on the debtor's default.

Hadyn Jane now seeks to lift the stay so that it can enforce the Lenoir County ejectment order that was finalized and never appealed. The debtor counters that lifting the stay to permit enforcement of the ejectment order is inappropriate because that order is void since the ejectment proceeding did not permit her to exercise the equitable right of redemption she possesses as party to a land sales installment contract under North Carolina law. The debtor argues that Hadyn Jane's proper remedy is a foreclosure proceeding, but that the stay resulting from her bankruptcy filing prevents Hadyn Jane from presently obtaining this remedy.

Parties to a land sales installment contract in North Carolina are treated as mortgagor and mortgagee, Brannock v. Fletcher, 155 S.E.2d 532, 539 (N.C. 1967), and the mortgagor has an equitable right to redeem its interest under the contract to prevent forfeiture. Anderson v. Moore, 63 S.E.2d 641, 644 (N.C. 1951). This right may not be waived by a contractual provision, Lamberth v. McDaniel, 506 S.E.2d 295, 297 (N.C. App. 1998), and it continues to exist even if the mortgagor has already surrendered the property and is behind in mortgage payments. Brannock, 155 S.E.2d at 540-41. Accordingly, a mortgagor may not be evicted by summary ejectment. Id. at 539-40. Applying these principles to the case at hand, the court finds that the debtor possesses an equitable right of redemption in the property that was not waived by the contractual provisions permitting eviction upon default. Because the debtor may not be evicted by summary ejectment, id., the court denies Hadyn Jane's motion to lift the stay.

"**END OF DOCUMENT**"